UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:21-cv-01579-RBD-LRH

DAVID POSCHMANN,

    Plaintiff,

vs.

OCEANSIDE 99 CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.

_____/

### DEFENDANT'S MOTION TO SET ASIDE JUDGMENT AND VACATE OR NULLIFY CONFIDENTIAL SETTLEMENT AGREEMENT

Defendant, Oceanside 99 Condominium Association, Inc., by and through the undersigned counsel, and pursuant to Rule 60(d)(3), hereby files this Motion to Set Aside Judgment and Vacate or Nullify Confidential Settlement Agreement, and in support states as follows:

1. This action was filed on September 24, 2021. In the Complaint, Plaintiff David Poschmann alleged that Defendant discriminated against him based on his disability by failing to ensure that its website complied with the ADA. Plaintiff sought injunctive relief, attorney's fees, litigation expenses and costs. See Complaint (ECF No. 1). More specifically, Plaintiff sought to compel Defendant to comply with the ADA and 28 C.F.R. §302(e). Id.

2. Plaintiff David Poschmann passed away on November 12, 2021. See Exhibit 1.

3. After Plaintiff's death, "Plaintiff" and Defendant settled this action.

4. At the time a settlement was reached, unbeknownst to Defendant, Plaintiff was already deceased. At no time prior to settlement did Plaintiff's counsel disclose to Defendant that Plaintiff had passed away. See Exhibit 2, emails between counsel. Defendant only recently became aware that Plaintiff was deceased before the settlement.

5. On November 17, 2021, the terms and conditions of the settlement were finalized, and the Parties filed a Notice of Settlement with the Court (ECF No. 17).

6. In the Notice of Settlement, Plaintiff's counsel represented that:

> **Plaintiff, David Poschmann**, and Defendant Oceanside 99 Condominium Association, Inc., by and through their undersigned counsel, hereby inform the court as follows:
>
> 1. **The parties** have reached a resolution, in principle, of all issues in this action.
>
> 2. **The parties** are in the process of reducing the resolution into a written agreement and satisfying the conditions necessary for this matter to be dismissed.

See Notice of Settlement (ECF No. 17)(emphasis added). These statements were false because Plaintiff had already passed away five (5) days before the settlement was reached and Plaintiff's counsel had no authority (and no client) to file Notice of Settlement on his behalf nor any other documents with the Court and/or to make such representations.

7. The Notice of Settlement filed on November 17, 2021, was filed by "**Plaintiff, David Poschmann**" and signed by Drew M. Levitt, Esq., and Lee D.

2

Sarkin, Esq., as "**Attorneys for Plaintiff**" even though their client had passed away five (5) days earlier.

8.      On November 18, 2021 (6 days after Plaintiff's death), "Plaintiff" signed the Confidential Settlement Agreement. See Exhibit 3. Plaintiff's signature was forged. Plaintiff had passed away six (6) days earlier. See Exhibit 1. Upon information and belief, Plaintiff's signature was forged by Drew M. Levitt, Esq.

9.      Per the Confidential Settlement Agreement, Defendant thereafter paid Plaintiff $6,500 in attorney's fees, litigation expenses and costs. See Exhibit 3, ¶4 ("**Defendant shall pay Plaintiff** the sum of Six Thousand Five Hundred Dollars ($6,500.00), in full settlement of **Plaintiff's claims** against Defendant for attorney's fees, past and prospective expert's fees, litigation expenses and costs incurred in the action (the "Settlement Sum").")(emphasis added).[1]

---

[1] Plaintiff's counsels' ability to collect attorney's fees and costs was lost the moment Plaintiff passed away, thus explaining why there was a need to conceal Plaintiff's death, forge his signature and otherwise maintain the appearance that Plaintiff was alive, and Plaintiff's counsel was acting on Plaintiff's authority. By the plain language of the statute, the right to attorney's fees in an ADA action belongs to the prevailing party, not the party's lawyer. See 42 U.S.C. §12205 ("the court . . ., in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs . . ."). Courts have determined that generally, fee-shifting statutes create a claim only for the prevailing party, not the party's lawyer. See Panola Land Buying Ass'n v. Clark, 844 F.3d 1506, 1510-1511 (11th Cir. 1988); Lipscomb v. Wise, 643 F.2d 319, 320 (5th Cir. Unit A April 1981); Long v. Morton Plant Hospital Association, Inc., 11th Circuit Court of Appeals Case No. 07-11530-AA (February 14, 2008)(Attorneys had no personal claim to attorney's fees, litigation expenses or costs in an ADA action and could not pursue the plaintiff's claim because the plaintiff was deceased)(Exhibit 4).

10. Per the Confidential Settlement Agreement, the payment was made by Defendant to "Drew M. Levitt, Attorney at Law Trust Account." See Exhibit 3, ¶4. Upon information and belief, no estate was ever set up for David Poschmann to properly disburse the payment to Plaintiff.

11. This is not the only case where Plaintiff's counsel is believed to have forged David Poschmann's signature after his death. In the case of David Poschmann v. The Turtle Crawl Condominium Association, Inc., USDC M.D. Fla. Case No.: 8:21-cv-02368-VMC-AEP, Plaintiff's counsel filed Plaintiff's Answers to Court's Interrogatories – ADA Title III that were purportedly signed under penalty of perjury by Plaintiff on November 22, 2021 (10 days after Poschmann's death) and filed on November 23, 2021. See Answers to Court's Interrogatories – ADA Title III (ECF No. 12)(attached as Exhibit 6). Additionally, after being unable to secure a settlement from Defendant,[2] Plaintiff's counsel filed a Stipulation of Dismissal with Prejudice (with counsel Drew M. Levitt and Lee D. Sarkin representing that "**The parties** stipulate and agree that this action is dismissed with prejudice" and signing the stipulation as "**Attorneys for Plaintiff**"). See Stipulation of Dismissal with Prejudice (ECF No. 15)(emphasis added).[3]

---

[2] Plaintiff's counsel was pressuring Defendant to settle all the way up until November 30, 2021 (18 days after Plaintiff passed away). See Exhibit 5.

[3] When Defendant refused to capitulate to settlement in the Turtle Crawl case, and Plaintiff's counsel raised the issue of dismissing the case, Plaintiff's counsel wrote clarifying that it was their intent to dismiss the action, "You're not confused. It's for Turtle Crawl, the one we did **not** settle (a holiday gift of sorts for your client, which has nothing to do with the merits of the case)." See Exhibit 7. Referring to the dismissal as a "holiday gift" rather than disclosing

4

12. The undersigned's research into other cases pending at the time of David Poschmann's death reveals that other cases appear to have been settled after Plaintiff's death and dismissed after Plaintiff's death, ostensibly by Poschmann with the authority of Poschmann, and with no suggestion of death filed with the Court:

> David Poschmann v. Sand Dune Shores Condominium Association, Inc., USDC MD Fla. Case No.: 2:21-cv-14358-AMC (Notice of Settlement filed 11/16/21 (4 days after Plaintiff's death) and Stipulation of Dismissal filed 12/14/21).
>
> David Poschmann v. Coconut Beach Resort Owners Association, Inc., USDC SD Fla. Case No.: 2:21-cv-14426-JEM (Notice of Settlement filed 11/29/21 (17 days after Plaintiff's death) and Stipulation of Dismissal filed 12/21/21).

See Exhibits 8-9. And other cases appear to have been dismissed by Plaintiff's counsel after his death, ostensibly by Poschmann and with the authority of Poschmann, and with no suggestion of death filed with the Court:

> David Poschmann v. Berkshire Beach Club of Deerfield Condo. Assoc., Inc., USDC SD Fla. Case No.: 2:21-cv-14362-DMM (Stipulation of Dismissal filed 12/8/21).
>
> David Poschmann v. Shakespeare By The Sea, LLC, USDC SD Fla. Case No.: 2:21-cv-14343-AMC (Stipulation of Dismissal filed 12/16/21).
>
> David Poschmann v. 116 S Riverside Drive, LLC, USDC SD Fla. Case No.: 2:21-cv-14420-AMC (Stipulation of Dismissal filed 12/21/21).
>
> David Poschmann v. La Costa Beach Club Resort Condo. Assoc., Inc., USDC SD Fla. Case No.: 2:21-cv-14439-AMC (Notice of Voluntary Dismissal filed 12/6/21).
>
> David Poschmann v. The Reef at Marathon Condo. Assoc., Inc., USDC SD Fla. Case No.: 2:21-cv-14440-JEM (Notice of Voluntary Dismissal filed 12/6/21).

---

the truth evidences an intent to conceal the death of Plaintiff by Plaintiff's counsel so that same was not made public nor included in any Court filings so that nobody would know that they had acted, and continued to act, on behalf of Poschmann, who had been deceased for weeks.

5

<u>David Poschmann v. Ferndale Suites, LLC</u>, USDC SD Fla. Case No.: 2:21-cv-14444-AMC (Notice of Voluntary Dismissal filed 12/21/21).

<u>David Poschmann v. Ithaca of South Beach Hotel, Inc.</u>, USDC SD Fla. Case No.: 2:21-cv-14448-AMC (Notice of Voluntary Dismissal filed 12/6/21).

<u>See</u> Exhibits 10-16.

WHEREFORE, and based on all of the foregoing, and the supporting Memorandum of Law, Defendant respectfully requests that the Court enter an order setting aside the Court's Order of Dismissal (ECF No. 18), vacating and/or nullifying the Confidential Settlement Agreement, requiring an accounting of the disbursal of and requiring reimbursement by Plaintiff's counsel of Defendant's $6,500 settlement payment, requiring reimbursement to Defendant by Plaintiff's counsel of all attorney's fees and funds expended after the Plaintiff's death, including to comply with the Confidential Settlement Agreement, and such other sanctions and/or relief as to the Court deems just and proper, including reimbursement of Defendant's attorney's fees and costs incurred in these proceedings.

## **MEMORANDUM OF LAW**

Rule 60, Fed.R.Civ.P., generally governs motions to set aside judgments:

Rule 60. Relief from a Judgment or Order

(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a

final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

(c) TIMING AND EFFECT OF THE MOTION.

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

(d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

See Rule 60, Fed.R.Civ.P.

Rule 60(d)(3) permits a litigant to obtain relief from a final judgment if the movant can establish "fraud on the court" by clear and convincing evidence. Fed. R. Civ. P. 60(d)(3); Booker v. Dugger, 825 F.2d 281, 283–84 (11th Cir. 1987). Rule 60(d)(3) gives a court the power to "set aside a judgment for that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner of its impartial

7

task of adjudging cases. Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1551 (11th Cir. 1985).  Courts have found that "only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." Galatolo v. United States, 394 F. App'x 670, 672 (11th Cir. 2010); see also Gupta v. Walt Disney World Co., 519 F. App'x 631, 632 (11th Cir. 2013) (movant must show an "unconscionable plan or scheme" to improperly influence the court's decision).

In this case, the actions and inactions of Plaintiff's counsel (officers of the Court) defrauded the Court and Defendant and demonstrate an "unconscionable plan or scheme" to defraud Defendant and the Court (and presumably other defendants and Courts) to think that Plaintiff was still alive and that Drew Levitt and Lee Sarkin still had authority to file documents (including forged documents), settle cases (including the forged settlement agreement), collect settlement payments, and act on behalf of the Plaintiff filing Notices of Settlement, Stipulations of Dismissal, Answers to Court Interrogatories, and other documents. After Plaintiff was deceased, Plaintiff's counsel continued litigating the case and filing documents with this Court and other Courts. At the time, of course, nobody questioned counsel's authority to act on behalf of the Plaintiff, including filing documents, notifying the Court of a settlement, filing a stipulation of dismissal with prejudice, and exchanging signed settlement agreements, and accepting payment of settlement funds on behalf of the Plaintiff. But, in reality, the moment Plaintiff passed away, Plaintiff's counsel certainly had no client and no

authority to act on Plaintiff's behalf. Plaintiff's counsel had no authority to forge Plaintiff's signature on the settlement agreement and no authority to settle the case on behalf of his deceased client, particular where the terms of the settlement were not agreed until after Plaintiff's death.[4] See exhibit 2 (emails of settlement communications continuing 5 days after Plaintiff's death and, ironically, at one point mentioning that Plaintiff had not yet signed the settlement agreement).

Defendant represents that it has been prejudiced by the above acts in that Defendant is on paper bound to a Confidential Settlement Agreement that should have never been entered and paid $6,500 to Plaintiff's counsel in a case that should have been dismissed upon the filing of a suggestion of death, not settled by Plaintiff's counsel. Defendant also expended funds on attorney's fees after the settlement and also to have its website brought into compliance with the Confidential Settlement

---

[4] BP Prods. N. Am., Inc. v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1134-35 (M.D. Fla. 2007) ("In Florida, the party seeking to enforce the settlement agreement must establish that counsel for the opposing party was given the clear and unequivocal authority to settle the case by his or her client. See, e.g., Spiegel v. Holmes, 834 So. 2d 295 (Fla. Ct. app. 2002). 'An unauthorized compromise, executed by an attorney, unless subsequently ratified by his client, is of no effect and may be repudiated or ignored and treated as a nullity by the client.' Vantage Broadcasting Co. v. WINT Radio, Inc., 476 So. 2d 796 (Fla. 1st DCA 1985). In Murchison v. Grand Cypress Hotel Corporation, 13 F.3d 1483 (11th Cir. 1994), the Circuit Court considered the following facts in deciding whether a client had given his attorney clear authority to settle the case: 1) whether the client knew his lawyer was in the process of negotiating a settlement; 2) whether and how many times the client met or spoke with his attorney while settlement negotiations were ongoing; 3) whether the client was present in the courtroom when the settlement was announced in open court; 4) whether the client immediately objected to the settlement; and 5) whether the client was an educated man who could understand the terms of the settlement agreement. See Murchison, 13 F.3d at 1485-86." (footnote omitted); enforcing the settlement).

Agreement.[5] That said, federal circuits that have addressed Rule 60(d)(3) have uniformly held that no showing of prejudice is required. When the federal courts have confronted the question in the context of a Rule 60(d)(3) motion, they have concluded that the United States Supreme Court meant what it said in Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), the progenitor of Rule 60(d)(3) -- that an attorney's dishonesty with a court is a fraud on the court harming the integrity of the judicial process, regardless of whether the opposing party is prejudiced. See In Re Intermagnetics America, Inc. v. China Int'l Trust & Investment Corp., 926 F.2d 912, 916-17 (9th Cir. 1991) (in Hazel-Atlas Glass, "the Supreme Court explained that the inquiry as to whether a judgment should be set aside for fraud upon the court under Rule 60(b) focuses not so much in terms of whether the alleged fraud prejudiced the opposing party but more in terms of whether the alleged fraud harms the integrity of the judicial process"); Pumphrey v. K. W. Thompson Tool Co., 62 F.3d 1128, 1132-33 (9th Cir. 1995) (same); Great Coastal Express, Inc. v. Int'l Brotherhood 7--of Teamsters, etc., 675 F.2d 1349, 1353-54 (4th Cir. 1982) (agreeing with the position of the cross-appellant "that once fraud enters the case in any manner, the judgment must

---

[5] Notably, in the Confidential Settlement Agreement, in lieu of compliance with the ADA and 28 C.F.R. §302(e), Defendant was only required to include a disclaimer on its website that "that there are limited accessible features available for disabled guests at the present time (with or without further explanation)." See Exhibit 2, ¶¶9(e) and 9(g). In other words, all Plaintiff's counsel required of Defendant was to pay $6,500 and add a disclaimer to the website, not do anything else to the website to comply with 28 C.F.R. §302(e). See Johnson v. Ocaris Management Group Inc, USDC SD Fla. Case.: 18-cv-24586 (ECF No.: 86, Pages 13-15)(attorney sanctioned, in part, for settling ADA cases for little or no relief, just attorney's fees). (Attached as Exhibit 17)

be vitiated without further inquiry as to the materiality or effect of the fraud on the judgment, citing Hazel-Atlas Glass" and noting "within the prescription of Hazel-Atlas . . . , we are precluded from inquiring as to its materiality or effect on this court's decision"); Browning v. Navarro, 826 F.2d 335, 344 (5th Cir. 1987) ("once the determination is made that officers of the court have corruptly abused the judicial process, the court is not required to examine the effect that such conduct might have had on the ultimate judgment, but rather the court may rely on such conduct alone to set aside the judgment").

Sanctions may be imposed, and the entire cost of the proceedings, including attorneys' fees, may be assessed against that party who perpetrated the fraud. See Wright & Miller, 11 Federal Practice & Procedure § 2870 (3d ed.); see, e.g., Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1237, 1254 (9th Cir. 2016) (affirming monetary and non-monetary sanctions by district court imposed under inherent power because of "deliberate decisions by [defendants] to delay the production of relevant information, make misleading and false in-court statements, and conceal relevant documents").[6]

---

[6] "It has long been understood that [c]ertain implied powers must necessarily result to our Courts of justice from the nature of their institution, power which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123 (1991) (internal citations and quotation marks omitted). The Supreme Court has specifically recognized that the "inherent power of a federal court to investigate whether a judgment was obtained by fraud, is beyond question." Universal Oil Prods. Co. v. Root Refining Co., 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946) (citing Hazel–Atlas Glass Co. v. Hartford Empire Co., 322 U.S. 238, 64 S.Ct. 997, 88 L.Ed. 1250 (1944)). Actions constituting a fraud upon the court or actions that cause "the very temple of justice [to be] defiled" are also sufficient to support a bad faith

In this case, Defendant seeks the following relief:

1. An order setting aside the Court's Order of Dismissal (ECF No. 18);

2. An order vacating and/or nullifying the Confidential Settlement Agreement;

3. An order requiring reimbursement by Plaintiff's counsel of Defendant's $6,500 settlement payment;

4. An order to provide an accounting of the disbursal of and requiring reimbursement by Plaintiff's counsel of all amounts expended on this case after Plaintiff's death, including that spent complying with the forged settlement agreement; and

5. Such other sanctions and/or relief as to the Court deems just and proper, including reimbursement of Defendant's attorney's fees and costs incurred in these proceedings.

---

finding. Chambers, 501 U.S. at 46, 111 S.Ct. 2123. Once a district court makes a finding of bad faith, it has the discretion to "award sanctions in the form of attorneys' fees against a party or counsel.'" Leon v. IDX Sys. Corp., 464 F.3d 951, 961 (9th Cir.2006) (quoting Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir.1997)). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, 501 U.S. 32, 44–45, 111 S.Ct. 2123 (1991).

        Respectfully submitted,

        TODD W. SHULBY, P.A.
        Todd W. Shulby, Esq.
        1792 Bell Tower Lane
        Weston, Florida 33326
        Telephone: (954) 530-2236
        Facsimile: (954) 530-6628
        E-mail: tshulby@shulbylaw.com
        Counsel for Defendant

        By: /s/Todd W. Shulby, Esq.
           Florida Bar No.: 068365

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Drew M. Levitt, Esq. and Lee D. Sarkin, Esq.

I HEREBY CERTIFY that on February 28, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and will mail a copy of the foregoing and notice of electronic filing to the following non-CM/ECF participants: None.

        By: /s/Todd W. Shulby, Esq.
           For Todd W. Shulby, P.A.